# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SETH C. PEAVEY, <br> 500 23rd St NW <br> Washington, DC 20037 <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF STATE <br> 2201 C Street NW <br> Washington, DC 20520 <br><br> OFFICE OF PERSONNEL SECURITY <br> AND SUITABILITY <br> a unit of the Bureau of Diplomatic Security <br> DS/SI/PSS, SA-20 <br> Washington, DC 20522 <br><br> ERIN J. SMART <br> Director <br> Office of Personnel Security and Suitability <br> DS/SI/PSS, 10th Floor <br> 1801 N. Lynn Street <br> Arlington, VA 22209 <br><br>     Serve: Executive Office <br>              Office of the Legal Adviser <br>              L/H–EX <br>              Suite 5.600 <br>              600 19th Street NW <br>              Washington, DC 20522 <br><br>     Serve: Attorney General of the <br>              United States, <br>              William P. Barr, or <br>              his designated representative <br>              U.S. Department of Justice <br>              950 Pennsylvania Ave, NW <br>              Washington, DC 20530 <br><br>     Serve: ATTN: Civil Process Clerk <br>              Timothy J. Shea <br>              U.S. Attorney for the | Civil Action No. |

|  |  |
|---|---|
| District of Columbia | : |
| 555 4th Street, NW | : |
| Washington, DC 20530 | : |
|  | : |
| Defendants. | : |

## COMPLAINT

Plaintiff Seth C. Peavey, through counsel HANNON LAW GROUP, LLP, sues Defendants, the United States Department of State, the Office of Personnel Security and Suitability, and Erin J. Smart in her official capacity as Director of the Office of Personnel Security and Suitability under the Mandamus Act, Title 28 United States Code Section 1361 of 1962, as amended; the All Writs Act of 1948, Title 28 United States Code Section 1651, as amended; and the Administrative Procedure Act of 1946, Title 5 United States Code Section 706, as amended, and says:

## INTRODUCTION

Foreign Service Officer Seth C. Peavey has endured an unreasonable delay in the adjudication of his security clearance suspension. The basis for this suspension was a false allegation of assault levied by another foreign service officer with whom Mr. Peavey had been in a close relationship over a period of years. During Defendants' interminable delay, the U.S. Department of Justice investigated, considered, and declined prosecution for the very allegations that led to Mr. Peavey's clearance suspension. Now, nearly one year after the Department of Justice concluded its process, Defendants have yet to make any decision on Mr. Peavey's clearance. As a consequence, Mr. Peavey is unable to function in his position as a Foreign Service Officer. Despite repeated pleas and inquiries by Mr. Peavey, Defendants are resolute in their delay.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject-matter of this complaint pursuant to Title 28 United States Code Section 1331 because this is an action arising under the laws of the United States of America, specifically the Mandamus Act, Title 28 United States Code Section 1361, as amended; the All Writs Act, Title 28 United States Code Section 1651, as amended; and the Administrative Procedure Act, Title 5 United States Code Section 706 ("APA").

2. This Court has express subject-matter jurisdiction pursuant to Title 28 United States Code Sections 1361 and 1651.

3. Venue in this district is appropriate pursuant to Title 28 United States Code Section 1391, because Defendant U.S. Department of State is a resident of this district and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

4. Seth C. Peavey is a natural person who resides in the District of Columbia. Mr. Peavey is a foreign service officer ("FSO") with the U.S. Department of State.

5. United States Department of State ("State") is the foreign relations department of the United States government. The current Secretary of State, Michael R. Pompeo, was sworn in on April 26, 2018.

6. Office of Personnel Security and Suitability ("PSS") is a unit within the Bureau of Diplomatic Security ("DS"), itself a unit within State. PSS is tasked with reviewing, granting, and revoking security clearances of foreign service officers.

7. Erin J. Smart is the current Director of PSS having succeeded Douglas P. Quiram in that role in January of 2020.

**FACTS COMMON TO ALL COUNTS**

8. Mr. Peavey has served the United States as an FSO for State since his first overseas assignment in July 2013.

9. On October 17, 2018, the then-Director of PSS, Douglas P. Quiram issued a memorandum to Mr. Peavey suspending his Top Secret security clearance pending the outcome of a DS investigation. This led to Mr. Peavey being immediately escorted out of the U.S. Consulate where he was then-assigned and set in motion the process for Mr. Peavey's involuntary curtailment from his assignment—a type of curtailment that will stain the remainder of his Foreign Service career.

10. The suspension of clearance was based on false allegations made by another FSO with whom Mr. Peavey had a long friendship beginning in 2015. The other FSO invited Mr. Peavey to a weekend visit at the accuser's government-provided housing at her post in Vietnam. On August 12, 2018, the other FSO made a false allegation to DS that she was assaulted by Mr. Peavey. Despite the accuser's false allegation, she nevertheless continued to attempt to contact Mr. Peavey after making the allegation. Mr. Peavey has not had contact with her since.

11. DS did not suspend the accuser's clearance, and upon information and belief, her clearance remains active at this time.

12. On October 22, 2018, counsel for Mr. Peavey requested a meeting with Mr. Quiram, who responded with boilerplate from the Foreign Affairs Manual ("FAM") outlining the suspension of security clearance procedures. Included in this recitation, was citation to 12 FAM 233.4, which provided Mr. Quiram with discretion to reinstate Mr. Peavey's clearance on an interim basis.

13. On October 24, 2018, counsel for Mr. Peavey requested that Mr. Quiram exercise his discretion pursuant to 12 FAM 233.4(d) or (g), which would have allowed the reinstatement of Mr. Peavey's clearance outright, or on an interim basis. Either basis would have preserved Mr. Peavey's position at the consulate in India where he was then-assigned and would have protected Mr. Peavey's reputation after exoneration. In addition, Defendants would have been afforded more time to investigate the matter. Despite, or in ignorance of, these concerns Mr. Quiram refused to reinstate Mr. Peavey's clearance.

14. Concurrent with the DS investigation, the U.S. Department of Justice ("DOJ") considered criminal charges against Mr. Peavey based on the same false allegation of assault that led to DS suspending Mr. Peavey's security clearance. DOJ's knowledge of these allegations came from DS itself.

15. On April 29, 2019, DOJ concluded its investigation and declined to pursue *any* criminal charges against Mr. Peavey. Considering the import of this determination and that the false allegation served as the underlying basis for the suspension of clearance, counsel for Mr. Peavey immediately informed Mr. Quiram. Mr. Quiram responded that DOJ's investigation was "only one aspect of a security clearance determination[]" and stated that the DS Report of Investigation was not yet complete. Mr. Peavey's clearance remained suspended.

16. In early September 2019, Agent Theodore Nelson, the DS agent who was in charge of the investigation, submitted his report of investigation to Mr. Quiram's office. For unknown reasons, Mr. Quiram's office did not acknowledge receipt until September 25, 2019.

17. Undeterred, and availing himself of all avenues of inquiry, Mr. Peavey has made continued efforts to seek answers for State's delays, including a FOIA request made in November 2019. State never responded to this FOIA request as required by law.

18. Mr. Quiram retired from State in late 2019 and was succeeded by Erin J. Smart in January 2020. In February 2020, counsel for Mr. Peavey sent a congratulatory letter to Ms. Smart and requested a meeting regarding this matter. Ms. Smart did not respond.

19. On March 19, 2020, counsel for Mr. Peavey emailed a letter to Ms. Smart with a brief recitation of this matter's history and again requested a meeting. Nearly three weeks later, counsel for Mr. Peavey received a response from Yvette Torres of PSS. Ms. Torres's email contained further boilerplate and was essentially non-responsive to the March 19 letter.

20. DS prematurely suspended Mr. Peavey's clearance based on demonstrably false information. Even if credited, the other FSO's allegations would have required suspension of her security clearance as well. The effects of this on Mr. Peavey's career have been, and will continue to be, profound. State has compounded its error with delays in the DS investigation. Beyond the negative pall on Mr. Peavey's FSO career, this has prevented Mr. Peavey from obtaining other assignments. Worse still, the dithering and bureaucratic morass that is State's assignment process is now impairing Mr. Peavey from being with his newborn child for at least the first three-years of that child's life.

## COUNT I—UNREASONABLE DELAY IN VIOLATION OF THE MANDAMUS ACT, THE ALL WRITS ACT, AND THE ADMINISTRATIVE PROCEDURE ACT
**(All Defendants)**

21. Mr. Peavey repeats the allegations contained in the preceding paragraphs and incorporates the same herein.

22. Since August 2018, the Defendants have withheld and unreasonably delayed the resolution of Mr. Peavey's security clearance suspension in violation of Title 5 United States Code Section 706 and Title 28 United States Code Sections 1361 and 1651.

23. The Defendants' actions or inactions are not in accord with the law; are contrary to constitutional right, power, privilege, or immunity; are without observance of procedure required by law; and are unwarranted by the facts in violation of Title 5 United States Code Section 706 and Title 28 United States Code Sections 1361 and 1651.

24. The Defendants' unreasonable delay in adjudicating Mr. Peavey's security clearance suspension has permanently damaged his career in the Foreign Service and caused extreme hardship in his personal life. The welfare of Mr. Peavey and that of his family remain at stake.

25. The Defendants had ample opportunity to balance Mr. Peavey's concerns with their own need to investigate the allegations by reinstating Mr. Peavey's clearance pursuant to 12 FAM 233.4. Such a response would have allowed Mr. Peavey's career to remain intact while allowing Defendants to investigate the matter.

26. The Defendants' choice to maintain the clearance as suspended has left Mr. Peavey especially exposed to Defendants' delays. The Defendants have proffered no reason for their delay and remain without justification at this time. This was reinforced by the DOJ's own investigation conclusion in favor of Mr. Peavey—on the very basis that Mr. Peavey's security clearance was suspended. Indeed, the DOJ has largely done the work for Defendants. Yet the Defendants continue to delay.

27. Since at least the conclusion of the DOJ's investigation, if not sooner, the Defendants could have reduced their workload by one less case and reinstated Mr. Peavey's Top Secret clearance. The Defendants declined such a prudent course and now force this Court's intervention.

28.     Mr. Peavey is entitled to a writ of mandamus, injunctive relief, or any other equitable relief as no other adequate remedy is available.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Seth C. Peavey prays he be awarded a writ of mandamus, injunctive relief, or any other equitable relief the Court deems just and proper, including attorneys' fees and the costs of this action.

Respectfully submitted,

HANNON LAW GROUP, LLP

*s/J. Michael Hannon*
J. Michael Hannon, #352526
333 8th Street NE
Washington, DC 20002
Phone: (202) 232-1907
Fax: (202) 232-3704
jhannon@hannonlawgroup.com

*Counsel for Seth C. Peavey*